C. L. Sharp, Appellant, v. Frank R. Davis, Appellee.

Intoxicating liquors: UNLAWFUL SALE: INJUNCTION: BURDEN OF
PROOF: EVIDENCE.   In an action to enjoin the maintenance of a
liquor nuisance the burden is upon defendant to show that proven
sales were lawfully made.  Evidence held sufficient to make a
*prima facie* case of unlawful sale.

Same: SALE TO MINORS.  A pharmacist is prohibited by the statutes
from selling liquor to minors under any circumstances, even for
medical purposes and on a written request to the pharmacist
from his parent to let him have it.  If in need of liquor for
medical purposes it must be procured for him by or upon direc-
tion of some adult person having the care and supervision of the
minor.

*Appeal from Polk District Court.*—Hon. Hugh Brennan,
Judge.

Thursday, March 18, 1909.

This is a proceeding brought by the plaintiff to en-
join the defendant from maintaining a place for the un-
lawful sale of intoxicating liquors.   There was a trial to
the court.   At the close of the evidence for the plaintiff,
the court dismissed the suit on defendant's motion and en-
tered a judgment for costs against the plaintiff.   Plaintiff
appeals.—*Reversed.*

· *M. S. Odle,* for appellant.

*E. S. Scheutz,* for appellee.

Evans, C. J.—The petition of plaintiff charged the
defendant with maintaining a certain building and place

at Polk City where intoxicating liquors were sold and kept

1. INTOXICATING LIQUORS: evidence. sale; injunction; burden unlawful of proof:

with intent to sell in violation of law. On the trial the plaintiff introduced evidence of the general reputation of the defendant's place of business, to the effect that intoxicating liquors were unlawfully sold therein. He also proved four distinct sales of intoxicating liquors as having been made to Silas Hall, a minor, between October 5 and October 15, 1907. It appeared also that on October 5, 1907, the father of the minor had given the defendant a written order, a copy of which is hereinafter set forth. The plaintiff thereupon rested. Upon the motion of the defendant the court dismissed the case. In this the court erred. To say the least the plaintiff had made a *prima facie* case. Under our statute the burden was cast upon the defendant to show that the sales proved were in all respects lawful. A somewhat lengthy decree was entered by the court in making dismissal. It is therein recited that the defendant is a registered pharmacist holding a permit. There was no evidence to that effect. On the face of the record therefore the court clearly erred in relieving the defendant of the burden cast upon him by the statute in such cases.

II. As already indicated, Silas Hall, to whom the defendant sold intoxicating liquors, was a minor. On the 5th of October, 1907, the defendant obtained an order from

2. SAME: sale to minors.

the father of the minor in the following form: "October 5, 1907. Mr. F. R. Davis: Please let Silas have what whiskey he may need for medicine. J. W. Hall." In pursuance of this order, and none other, the defendant sold to Silas Hall intoxicating liquors on four different dates between October 5 and October 15, 1907, inclusive, ranging in amounts from one-half pint to one pint of whisky. It is contended by the plaintiff that this order is not in such form as to comply with the requirements of our statute, and that it therefore furnished no

protection to the defendant in making any of such sales. It is further contended that in no event could such order protect the defendant.

The question here presented involves a construction of the statute which we have not had occasion heretofore to consider. Section 2394 of the Code provides as follows: "Before selling or delivering any intoxicating liquors to any person a request must be signed by the applicant in his true name, truly dated, stating the applicant is not a minor. . . . The request shall be refused unless the permit holder has reason to believe the statement to be true and in no case granted unless the permit holder filling it personally knows the person applying is not a minor. . . ." No other construction of this section is possible than that a minor is within the prohibited class to whom a pharmacist may not sell. He is barred from becoming an "applicant" by the very terms of the "request" which every applicant must sign. There is no other section relating to the duties of a permit holder which qualifies in any manner the duty here imposed to refuse a request unless he knows that the person making it "is not a minor." Defendant relies upon section 2403: "No person by himself, agent or otherwise shall in any manner procure for or sell or give any intoxicating liquors to any minor for any purpose, except on written order of his parent, guardian or family physician, or give to or in any manner procure for or sell the same to any intoxicated person or to one in the habit of becoming intoxicated. Any person violating any of the provisions of this section shall be guilty of a misdemeanor, and upon conviction thereof be fined in a sum not less than twenty-five dollars, nor more than two hundred dollars and costs of prosecution, and shall stand committed to the county jail until such fine and costs are paid." If this section is to be deemed as qualifying section 2394, it does so by implication only. To give it that effect we would have to permit it not only to qualify section 2394, but to flatly contradict

it, and we would not be justified in giving it that effect. The latter section does not relate to the duties of a permit holder. It provides an additional penalty for sales to certain prohibited classes. The written order of a parent is a bar to the penalty of this section, but it does not remove the statutory injunction upon the permit holder to know at his peril that every applicant whose request he honors "is not a minor." In other words, the permit law manifestly contemplates that the "applicant" for intoxicating liquors shall in all cases be an adult. Whatever implications may arise out of section 2403, they fall short of qualifying a minor as an applicant under the proivsions of section 2394. Manifestly therefore, if a minor has need of intoxicating liquors for medicinal purposes, it must be procured for him from a permit holder by an adult applicant. Such applicant doubtless may properly be the parent, guardian, or family physician, or some other person acting upon proper written order from them.

For the errors pointed out, the decree of the lower court must be *reversed.*